Michael O. Stevens, OSB No. 095198
email: michael@hillsborofirm.com
STEVENS & LEGAL, LLC
1915 NE Stucki Avenue, Suite 308
Hillsboro, OR 97006
Tel: (971) 533-6178
Fax: (971) 228-2608

Attorney for Plaintiff ALEXANDER STROSS

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ALEXANDER STROSS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SMITH ROCK MASONRY COMPANY LLC,<br><br>　　　　　　Defendant. | Case No.: **6:19-cv-1394-AA**<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF** |

　　　　Plaintiff Alexander Stross ("Plaintiff") hereby moves this Court pursuant to Fed. R. Civ. P 55(b)(2) for a default judgment against Defendant Smith Rock Masonry Company LLC ("Defendant"). Defendant has not appeared in this action, and this Court entered an order of default on May 7, 2020.

　　　　Plaintiff brought a single claim against Defendant for copyright infringement under Section 501 of the Copyright Act. 17 U.S.C. § 101, *et seq*.. This Motion is supported by the complete record of the case, the cases and statutes cited herein, and the Declaration of Michael O. Stevens. Plaintiff's request a default judgment in the amount of $10,000.00 in statutory damages under 17 U.S.C. § 504(c); $510.00 in attorneys' fees and $440.00

costs under 17 U.S.C. § 505; and for such further relief as this Court deems just and proper.

## I.    POINTS & AUTHORITIES

Once a default is entered against a party, all allegations but those regarding damages in the complaint are taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); Further, all well-pleaded allegations in the complaint regarding liability are assumed to be true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Here, Plaintiff pleaded all of the elements of their claim, and thus is entitled to the entry of a default judgment.

### A. *Eitel* Factors

The Court may grant default judgment in its discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its decision, the Court may consider various factors, including (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether Defendant's default was due to excusable neglect; and (7) federal policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As described below, the *Eitel* factors weigh heavily in favor of ordering a default judgment against Defendant.

As to the first factor, Plaintiff's prejudice results from the unavailability of any remedy for Plaintiff's claims if default judgment is not entered. *Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). That is, because Defendant's default results in admission of the allegations in the complaint, Plaintiff will likely suffer prejudice through the loss of recovery of past damages if a default judgment is not entered.

With respect to the second and third factors, Plaintiff's claim is meritorious and the Complaint sets forth a sufficient set of facts to support his legal claim. To properly allege a copyright infringement claim, a plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)); *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) (finding a complaint sufficient for the purposes of default judgment in a copyright infringement action where the plaintiff "alleged both ownership of a valid copyright and copying of constituent elements by [defendant]"). If there is no evidence of access, a "striking similarity" between the works may allow an inference of copying. *Unicolors, Inc. v. Urb. Outfitters, Inc.,* 853 F.3d 980, 985 (9th Cir. 2017) (citing *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987).

Here, the Complaint alleges Plaintiff is the owner of the copyright in the Photograph. (Complaint ¶ 9, Ex. A). The Complaint also alleges use of a virtually *identical* Photograph by Defendant (Complaint ¶ 11 Ex. B) and thus access may be presumed. Defendant's unauthorized reproduction and uses of the Photograph are violations of the copyrights which Plaintiff owns. *See* 17 U.S.C. § 106. Because the Complaint properly alleges the constituent elements of a cause of action for copyright infringement, the Complaint is sufficient.

As to the fourth factor, as the rightful copyright owner who has been damaged by Defendant's unlawful activities, Plaintiff should not be denied the substantial amount of damages he would likely recover from Defendant at trial.

With respect to the fifth factor, a dispute concerning material facts is unlikely to arise. As owner of a copyrighted work, Plaintiff is statutorily entitled to a presumption of validity in his copyright. See 17 U.S.C. § 410(c). If Defendant disputed this validity, it would have appeared to defend itself in this litigation. *See Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008) ("in light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action.").

With respect to the sixth factor, Defendant's neglect in defaulting is not excusable because it was properly served with the summons and complaint. See *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) ("A defendant's conduct in failing to respond may either be culpable or due to excusable neglect. A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer.") (internal quotations omitted).

With respect to the seventh factor, Defendant's refusal to participate in this litigation has made a decision on the merits impossible; therefore, default judgment is appropriate.

As such, all of the *Eitel* factors weigh in favor of entering a default judgment against Defendant, which Plaintiff respectfully requests the Court grant this motion.

## II.   DAMAGES

### A. PLAINTIFF REQUESTS STATUTORY DAMAGES OF $10,000.00

"At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a 'sum of not less than $750 or more than $30,000 as the court considers just,' 17 U.S.C.

§ 504(c)(1), without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages."); *Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,* 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established).

Thus, even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages. *See CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and *even if he has intentionally declined to offer such evidence, although it was available*.'") (*quoting* 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[A] (2009 ed.) (italics added); *Pearson Education, Inc. v. Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009) (same).

Here, Plaintiff elects statutory damages and therefore respectfully declines to submit evidence of his actual losses in the form of licensing fee history. Instead, Plaintiff seeks statutory damages as a deterrent to willful infringers. *See, e.g. Lauratex Textile*

*Corp. v. Allton Knitting Mills, Inc.,* 519 F.Supp. 730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers"); *Capital Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703, 732 (S.D.N.Y. 2014) ("A statutory damages award under the Copyright Act is by definition an authorized civil penalty.").

Within this Circuit, the requested amount of $10,000 in statutory damages is only one-third of the $30,000 amount that is customarily awarded to photographers on default judgment. *See, e.g., Corson v. Atherton*, No. 218CV01304CASPLAX, 2020 WL 2404915, at *3 (C.D. Cal. May 11, 2020) (in case involving a photograph, finding an award of $30,000 to be "not so large or unreasonable so as to preclude the entry of default judgment"); *Loiseau v. Reel Network LLC*, No. 2:17-cv-08998-SVW-SS, 2018 WL 6039834, at *3 (C.D. Cal. July 26, 2018) (finding that fourth *Eitel* factor favored entry of default judgment where plaintiff in copyright infringement suit sought award of $32,963.55); *Prokos v. Covered Wagon Invs. Inc.*, No. 219CV08493ODWGJSX, 2020 WL 1433132, at *3 (C.D. Cal. Mar. 23, 2020) ("Prokos seeks $30,000 in statutory damages, the maximum amount permitted for non-willful infringement under 17 U.S.C. § 504(c)(1). As this amount falls within the range permitted for the alleged harm under 17 U.S.C § 504(c)(1), the amount at stake appears to be within the range permissible, and thus is proportionate to the harm alleged."); *Minden Pictures, Inc. v. GOPACKUP, Inc.,* No. 217CV09200CASSSX, 2018 WL 6003842, at *3 (C.D. Cal. Nov. 14, 2018) (finding $30,000 in statutory damages reasonable on default for a without any proof of actual losses).

Courts within the Second Circuit also typically award $30,000.00 to photographers on default judgment involving a single photograph without proof of damages. *See, e.g.,*

*Carmody v. DML News & Entertainment, Inc.*, 18-cv-04893 (WFK-SJB), dated 10/8/19 (awarding $30,000.00 in statutory damages under 17 U.S.C. § 504(c)); *Lanzilote v. The Tempest Media, Inc.*, 19-cv-00477 (JGK), dated 6/04/19 (awarding $30,000.00 in statutory damages under 17 U.S.C. § 504(c)); *Wolman v. Hudson Valley News Network, LLC*, 18-cv—11589 (JSR), dated 4/15/19 (awarding $30,000.00 in statutory damages as civil penalties for willful copyright infringement under 17 U.S.C. § 504(c)); *Hirsch v. The Dishh, LLC*, 18-cv-9079 (LGS) (S.D.N.Y. 12/10/18) ("Defendant shall pay $30,000.00 in statutory damages as civil penalties for willful copyright infringement under 17 U.S.C. § 504(c)"); *Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF) (S.D.N.Y. 6/25/18) (awarding "$30,000 in civil penalties for copyright infringement"); *J.C. Rice v. Sutton New Media LLC*, 17-cv-8332 (WHP) (S.D.N.Y. 5/24/18) (ordering that "Defendant shall pay $30,000 in statutory damages" under the Copyright Act); *Myers v. COED Media Group, LLC*, 18-cv-02180 (JSR) (S.D.N.Y. 5/2/18) (ordering that "Defendant shall pay $60,000 in civil penalties [for two images], representing $30,000 for each instance of willful copyright infringement."); *Marzullo v. Karmic Release Ltd.*, 17-cv-7482 (KPF) (S.D.N.Y. 4/24/18) (ordering that "Defendant violated 17 U.S.C. § 501 and shall pay $30,000 in civil penalties for copyright infringement."); *Zlozower v. Rukkus, Inc.*, 17-cv-09510 (RWS) (S.D.N.Y. 3/28/18) (ordering $30,000 in statutory damages under the Copyright Act, 17 U.S.C. § 501 after declaring that "Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work"); *Chevrestt v. Craft Nation, Inc.,* 17-cv-09232-JSR (S.D.N.Y. 1/8/18) (awarding "$30,000 in civil penalties for each instance of willful copyright infringement."); *Lee v. White Cat Media*, 17-cv-8122 (JSR) (S.D.N.Y. 12/13/17) (awarding "$30,000 as damages

for defendant's infringement of plaintiff's [copyright] in violation of 17 U.S.C. § 501 et seq."); *Miller v. AllHipHop.com LLC*, 16-cv-02744 (RA) (S.D.N.Y. 10/11/16) (ordering that "Defendant shall pay $30,000 in civil penalties for willful copyright infringement"). Copies of the orders cited in this paragraph are attached as Exhibit 1.

### B. PLAINTIFF SHOULD BE AWARDED $510.00 IN ATTORNEYS' FEES AND $440.00 IN COSTS

A prevailing copyright owner may recover reasonable attorneys' fees under the Copyright Act. 17 U.S.C. § 505 (A court may award "full costs, including reasonable attorneys' fees, to the prevailing party in a claim arising under the Copyright Act.") "An award of attorneys' fees would promote the protection of copyrights and further the goal of deterrence, by encouraging infringement actions for such violations." *Twentieth Century Fox Film Corp.*, 438 F. Supp. 2d at 1075. Where a plaintiff is entitled to attorneys' fees by statute, the Court may award reasonable attorneys' fees with a default judgment in its discretion. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993).

Here, Plaintiff seeks $510.00 in reasonable attorneys' fees. *See* Stevens Decl. ¶ 10. Under the Copyright Act, a prevailing copyright owner may also recover full costs. 17 U.S.C. § 505; *see also Elektra Entertainment Group Inc.*, 226 F.R.D. 388 (awarding full costs to Plaintiff in default judgment for copyright infringement action). Plaintiff seeks to recover $440.00 in litigation costs it incurred in this case, including the cost of filing the Complaint and the cost of service. *See* Stevens Decl. ¶ 13.

### CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court enter a default

judgment against Defendant, awarding statutory damages in the amount of $10,000.00, attorneys' fees in the amount of $510.00, and costs in the amount of $440.00.

DATED: April 27, 2021                               STEVENS & LEGAL, LLC

/s/ Michael O. Stevens
Michael O. Stevens, OSB No. 095198
michael@hillsborofirm.com
Attorney for Plaintiff