IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

Alexander Stross,

    Plaintiff,

vs.

Smith Rock Masonry Company, LLC

    Defendant.

Case No. 6:19-cv-01394-AA
**OPINION AND ORDER**

AIKEN, District Judge:

    Plaintiff Alexander Stross brought this action for damages against defendant Smith Rock Masonry Company, LLC alleging claims for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. A default was entered against defendant on May 7, 2020. Docs. 16, 17. Plaintiff now moves for default judgement against defendant and for attorney fees and cost pursuant to Federal Rules of Civil Procedure 55 and 54. Doc. 15. For the reasons discussed below, plaintiff's Motion is GRANTED.

## BACKGROUND

Plaintiff is a professional photographer who licenses his photographs to print and online media. Plaintiff is the sole author and exclusive rights-holder to a photograph (the "Photograph"), which is attached as Exhibit A to the Complaint (doc. 1).

Defendant Smith Rock Masonry Company, LLC is a domestic Oregon limited liability company with its principal place of business in Redmond, Oregon. Defendant is in the business of contracting masonry work, examples of which it advertises and displays on its website https://www.facebook.com/smithrockmasonry/ (the "Website") (doc. 1).

The Photograph is an image of a home with a rock façade. Plaintiff registered the Photograph with the U.S. Copyright Office on December 15, 2008, under the registration number VAu 989-644. Compl. ¶ 10; Doc. 10. On February 6, 2020 defendant uploaded an image virtually identical to the Photograph to the Website. Doc. 1. Plaintiff did not license the Photograph to defendant and did not give it permission or consent to publish the Photograph to the Website. An image of defendant's Website featuring Plaintiff's Photograph is attached to the Complaint as Exhibit B.

Plaintiff commenced this action on August 30, 2019. Doc. 1. Defendant was served but did not appear or otherwise defend in this action. Plaintiff sought entry of default, which was granted on May 7, 2020. Docs. 16, 17. Plaintiff has now filed this Motion for Default Judgment (doc. 24).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court is required to enter an order of default if a party against whom affirmative relief is sought has failed timely to plead or otherwise defend an action. "The general rule is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted); *See also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008).

Rule 55 "provides that after the clerk's entry of default against a defendant, a court may enter default judgment against that defendant." *FirstBank P.R. v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, district courts in the Ninth Circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). The *Eitel* factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the operative complaint; (4) the sum of money at stake in the litigation; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. The "starting point" of the district court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## DISCUSSION

In his Motion for Default Judgment, plaintiff seeks $10,000 in damages as well as $950 in attorney's fees and costs. To grant default judgement, the Court must first address the appropriateness of a default judgement pursuant to the factors laid out in *Eitel*, 782 F.2d at 1471-72. The Court then assesses damages pursuant to 17 U.S.C. § 504 and reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

**I.  Eitel *Factors***

    **A.  *Possibility of Prejudice to Plaintiff***

The first *Eitel* factor addresses whether the plaintiff will suffer prejudice if the Court does not grant default judgment.  Denial of default judgment leads to prejudice when, as here, it leaves a plaintiff without a remedy or recourse to recover compensation. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Accordingly, the Court finds that this factor favors default judgment.

    **B.  *Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint***

The second and third *Eitel* factors are often analyzed together and address the substantive merits of the claim and the sufficiency of the complaint. *PepsiCo*, 238 F. Supp. 2d at 1175. For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Plaintiff alleges one claim of willful copyright infringement against defendant under 17 U.S.C. § 101 *et seq*. To prevail on a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co., Inc. v. Dish Network LLC*, 747 F.3d 1060, 1066-67 (9th Cir. 2014) (internal quotation marks and citation omitted). A plaintiff may prove copying through direct evidence, or through circumstantial evidence that the defendant had access to the copyrighted work prior to creation of defendant's work and that there is substantial similarity in the general ideas and expressions of the copied work. *See Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017). Where there is no evidence of access, a "striking similarity between the works may allow an inference of copying." *Id.* at 985 (internal quotation marks and citation omitted). Where a plaintiff has factually pleaded willful infringement, "the district court's default judgment includes an implied finding of willfulness." *Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*, 506 F. App'x 550, 552 (9th Cir. 2013).

To establish a prima facie case of willful infringement plaintiff must demonstrate that defendant was aware, or should have been aware, that his activities were infringing. *Hearst Corp. v. Stark,* 639 F.Supp. 970, 979–80 (N.D.Cal.1986). Here, plaintiff alleges that he is the sole and exclusive rights-owner to the Photograph. Compl. ¶ 8-10. This includes the copyright to the Photograph under registration number VAu 989-644. Compl. ¶ 10; Doc. 10. Plaintiff further alleges that defendant, without plaintiff's consent or permission, and without licensing the Photograph from plaintiff, ran the Photograph on the Website in a manner "willful,

Page 5 – OPINION AND ORDER

intentional, and purposeful, in disregard of and indifference to Plaintiff's rights." Compl. ¶ 11, 17.

Although plaintiff does not allege facts showing defendant's access, given that the image on the Website is virtually identical to plaintiff's Photograph, the Court finds that plaintiff has sufficiently pled copying. Plaintiff has not, however, sufficiently alleged willfulness. Plaintiff has demonstrated that defendant's Website used his Photograph but does not allege any facts or present evidence indicating that defendant was or should have been aware of any copyright, nor that defendant continued to infringe on the copyright after being notified of it. Plaintiff's assertion that defendant willfully infringed is merely a legal conclusion for which the Court finds no factual support in the record.

Therefore, the Court finds that plaintiff has failed to establish willfulness. Nonetheless, taking all factual allegations pleaded as true, plaintiff has sufficiently and meritoriously pleaded a claim for non-willful copyright infringement and so the Court concludes that these factors favor default judgment.

### C.    *Sum of Money at Stake*

The *Eitel* factors require courts to assess whether the recovery sought is proportional to the harm caused by the defendant's conduct. *Eitel*, 782 F.2d at 1471-72. While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages. *Fair House. Of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement in lieu of an award of representing actual damages. 17 U.S.C. § 504(c)(1). Where a plaintiff chooses to recover statutory damages, actual damages need not be proven. *Columbia Pictures Tel., Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). If the court determines that the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages of not more than $150,000." 17 U.S.C. § 504(c)(2).

Here, plaintiff seeks statutory damages in the amount of $10,000 under 17 U.S.C. § 504, as well as reasonable attorney's fees and costs, pursuant to 17 U.S.C. § 505, in the amounts of $510 and $440 respectively. As discussed below, the Court finds that an award of $10,000 is unreasonable given the nature of the infringement, and plaintiff's failure to establish willfulness. However, because this Court may adjust the damages award, the fourth *Eitel* factor does not weigh against entry of default judgment.

### D. *Possibility of a Dispute as to Material Facts*

On entry of default, the general rule is that all factual allegations of the complaint, except those relating to damages are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The possibility of a dispute as to material facts is unlikely here because defendant has not defended itself herein and there is no indication that it intends to do so. The Court therefore concludes that this factor favors entry of default judgment.

### E. Excusable Neglect

There is no evidence that defendant failed to defend against this lawsuit due to excusable neglect. Defendant was served on September 17, 2019 and has not appeared or otherwise defended in this action through the date of this Order. Doc. 14. The Court finds that this factor weighs in favor of default judgment.

### F. Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. "Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the defendant takes no part in the action." *Moroccanoil*, 847 F. Supp.2d at 1203. Accordingly, the Court concludes that that this factor does not weigh against default judgment.

After balancing the *Eitel* factors, the Court concludes that they weigh in favor of the entry of default judgment.

## II. Damages

Under the Copyright Act, a copyright infringer is liable for either (1) the copyright owner's actual damages and any profits of the infringer, or (2) statutory damages. 17 U.S.C. § 504(a). Thus, a defendant can pursue statutory damages in lieu of actual damages. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 343 (1998). "[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (citation omitted).

The Court has considerable discretion to determine the amount of statutory damages awarded, "constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984); *see also Nintendo,* 40 F.3d at 1010. In considering damages for a copyright infringement, courts are guided by "what is just in the particular case," specifically considering "the nature of the copyright [and] the circumstances of the infringement." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332,1336 (9th Cir. 1990). As discussed above, plaintiff has failed to demonstrate willfulness and as such, damages must fall within the statutory limit between $750 and $30,000 for the single infringement.

In determining statutory damages in similar cases, courts in this district frequently use estimates of licensing fees or actual damages. *See, e.g.*, *Sadowski v. Shivley*, No. 1:18-CV-01703-MC, 2019 WL 5589077, at *3 (D. Or. Oct. 30, 2019) (awarding three times the licensing fee for willful infringement of two photographs); *Sadowski v. Shivley*, No. 1:18-CV-01703-MC, 2019 WL 5589077 (D. Or. Oct. 30, 2019) (awarding three times licensing fees for willful infringement of two photos for a total of $9735); *Reed v. Ezelle Inv. Properties Inc.*, 353 F. Supp. 3d 1025, 1038 (D. Or. 2018) (awarding two times the statutory minimum for non-willful infringement of one photograph because Plaintiff did not show any harm from the infringement, and $1,500 adequate to "put infringers on notice").

Plaintiff here seeks $10,000 in statutory damages premised on a claim of willful infringement. Doc. 24 at 3. While this court has found defendant's infringement non-willful, $10,000 is still within the statutory limits. Plaintiff has presented evidence

that defendant uploaded the Photograph to their Website in violation of the Copyright Act. Plaintiff, however, does not present evidence of actual damages or the licensing fee for the Photograph and argues only that $10,000 is an appropriate amount to deter willful infringers. *Id.* at 5.

This case is similar to other copyright claims adjudicated within this circuit where district courts awarded much lower statutory damages. In *Prokos v. Covered Wagon Investments, Inc.,* for example, the court awarded the statutory minimum in damages for willful infringement because the plaintiff did not present evidence of any damage suffered, any benefit to the defendant, or any licensing fees with which to calculate damages. No. 219CV08493ODWGJSX, 2020 WL 1433132, at *5 (C.D. Cal. Mar. 23, 2020;) *see e.g.*, *Salyer v. Hotels.Com GP, LLC*, No. C13-1966RSL, 2015 WL 3893079, at *2 (W.D. Wash. June 23, 2015) (awarding $3,000 for willful infringement where no licensing fees provided because it served as a reasonable deterrent). Similarly, here, plaintiff presents no evidence as to the length of time defendant used the Photograph how defendant's use of the Photograph on its Facebook page with forty-two followers facilitated its commercial purpose and caused plaintiff damage.

Therefore, considering the nature of the infringement, the Court finds that an award of $1,500 – two times the statutory minimum – is reasonable to compensate plaintiff and serve as a sufficient deterrent to future infringement.

### III.   Attorney's Fees and Costs

Plaintiff requests attorney's fees in the amount of $510 and costs in the amount of $440. Doc. 24 at 8. In actions for copyright infringement, "the court in its discretion

may allow the recovery of full costs by or against any party ... [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The reasonableness of a party's fee calculation is typically determined by the "lodestar method," which multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Ballen v. City of Redmond,* 466 F.3d 736, 746 (9th Cir.2006).

Here, plaintiff has submitted a declaration from Plaintiff's counsel explaining his billing rate of $425 per hour, based on his experience and qualifications, multiplied by 1.2 hours drafting the default motion. Doc. 25 at 2. Plaintiff's further presented evidence of reasonable costs for filing the complaint and service. *Id.* Accordingly, the Court finds the costs and attorney's fees requested by plaintiff's counsel reasonable. The Court therefore awards plaintiff attorney's fees of $510 and costs of $440.

## CONCLUSION

Plaintiff's Motion for Default Judgment, Doc. 24, is GRANTED. Defendant Smith Rock Masonry Company, LLC is ordered to (1) pay Plaintiff statutory damages of $1,500 pursuant to 17 U.S.C. § 504 and (2) pay Plaintiff reasonable attorney's fees and costs of $950 pursuant to 17 U.S.C. § 505, for a total statutory award of $2,450.

IT IS SO ORDERED.

Dated this  16th  day of June 2021.

                    /s/Ann Aiken
                    Ann Aiken
            United States District Judge